**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA, <u>ex rel</u>,**
**CARY L. ZIGROSSI,**

                         **Plaintiffs,**

            **-vs-**                        **11-CV-173A(HKS)**

**WESTERN REGION HEALTH CORPORATION et al,**

                         **Defendants.**

---

**REPORT, RECOMMENDATION AND ORDER**

      This case was referred to the undersigned by order of the Hon. Richard J. Arcara on January 28, 2014 for all pretrial matters and for report and recommendation on dispositive motions pursuant to 28 U.S.C. § 636(b).  Dkt. #22.

      Plaintiff/relator Cary L. Zigrossi brings this *qui tam* action on behalf of the United States of America ("United States") under the False Claims Act ("FCA"), Title 31, United States Code, Section 3729-3733.  Plaintiff alleges that defendants, Western Region Health Corporation, Willcare, Inc., Willcare Home Health Agency; Wheel Chair Home, Inc., Schofield Home Health Care Services, Inc., Schofield Long Term Home Health Care Program, Diversified Hearing and Rehabilitation Services, Diversified Services for Occupational Therapy, Physical Therapy, Speech-Language Pathology and Audiology, LLC and Diversified Rehabilitation Services, Inc., systematically and knowingly presented or caused to be presented false or fraudulent claims to Medicaid for services and related costs when they knew they were not entitled to payment for

such services.  Dkt. #1.  The United States declined to intervene on August 27, 2013.  Dkt. #18.  On August 28, 2013, United States District Judge Richard J. Arcara issued an Order directing that the Complaint be unsealed and served upon the defendants by the plaintiff/relator.  *Id*.  Currently before the Court is the United States' motion to dismiss the complaint for failure to effect timely service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  Dkt. #21.  Specifically, the United States requests that the dismissal be with prejudice to the plaintiff/relator and without prejudice to the United States.  *Id*. For the reasons set forth below, the motion is denied in part and granted in part.

      Rule 4(m) of the Federal Rules of Civil Procedure provides that if a defendant is not served with the complaint within 120 days after the complaint is filed, the court, on motion or on its own after notice to plaintiff, must dismiss the action without prejudice or order that service be made within a specified time.  In a *qui tam* case brought under the FCA, the plaintiff/relator is divested of authority over the prosecution of the case until the United States declines to intervene and the case is unsealed.  Title 31, United States Code, Section 3730(b).  Here, Judge Arcara ordered the Complaint unsealed on August 28, 2013, therefore, plaintiff/relator's 120 days within which to serve the Complaint began to run on August 28, 2013 and expired on December 27, 2013.

      In her Affidavit filed in support of the instant motion to dismiss, counsel for the government states, "[o]n January 3, 2014, I advised relator's counsel of record,

Theresa M. Walsh, via e-mail, of my intention to move to dismiss the Complaint if service had not been effectuated by January 17, 2014." Dkt. #21, ¶5. The government further explained that as of the date of the filing of the United States' motion to dismiss, January 27, 2014, it does not appear that the Complaint has been served. *Id*. at ¶6. By Text Order issued on January 31, 2014, this Court gave plaintiff/relator until February 14, 2014 to file a response to the instant motion to dismiss. Dkt. #23. To date, plaintiff/relator has neither served the Complaint as directed, nor filed a response to the instant motion to dismiss.

Insofar as the United States has only sought relief pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to timely serve the complaint, this Court is limited in the nature of relief it can recommend.[1] By its motion, the United States has sought the dismissal of the complaint with prejudice to the plaintiff/relator and without prejudice to the United States. As stated above, Rule 4(m) provides that the Court, either on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice or order that service be made within a specific time. Therefore, this Court recommends the dismissal the complaint without prejudice as to both the plaintiff/relator and the United States.

---

[1] The Court notes that the United States has not sought relief pursuant to Rule 41(b) of the Federal Rules of Civil Procedure wherein the Court would have the authority to recommend dismissal with prejudice for failure to prosecute provided that analysis of the five factors warranted such relief. *See United States of America ex rel Najmuddin Pervez v. Maimonides Medical Center, et al.*, No. 06 Civ.4989(LAP), 2010 WL 890236 (S.D.N.Y. Mar. 9, 2010).

## **CONCLUSION**

For the foregoing reasons, this Court recommends that the United States' motion to dismiss (Dkt. #21) be denied in part and granted in part as set forth above.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b)(2) and Local Rule 72.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  See, e.g., *Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72 of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection, and shall be supported by legal authority." **Failure to comply with the provisions of Local Rule 72 may result in the District Judge's refusal to consider the objection.**

In accordance with the requirements set forth in Local Rule 72, "[a]ny party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge." **Failure to comply with the provisions of Local Rule 72 may result in the District Judge's refusal to consider the objection.**

SO ORDERED.

DATED:   Buffalo, New York
         April 3, 2014

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**